UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRA ATWELL,

        Plaintiff,

vs.                                                              Civil Action No. 12-CV-12604
                                                                           HON. MARK A. GOLDSMITH

PREMIERE CREDIT
OF NORTH AMERICA, LLC,

        Defendant.
_____/

## OPINION AND ORDER FOR THE CHAPTER 13 BANKRUPTCY TRUSTEE, THOMAS MCDONALD, TO SHOW CAUSE AS TO (1) WHY HE HAS FAILED TO INTERVENE AS A PLAINTIFF IN THIS MATTER and (2) WHETHER HE SHOULD PROSECUTE THIS CASE ON BEHALF OF THE BANKRUPTCY ESTATE

The matter is presently before the Court on the pending cross motions for summary judgment (Dkts. 23, 27). The Court conducted oral argument on the motions, following which the Court ordered the parties to submit supplemental briefing on the issue of "whether the Court should order the Chapter 13 bankruptcy trustee, Thomas McDonald, to show cause as to why he has failed to intervene as a plaintiff in this case." Order (Dkt. 37). In Defendant Premiere Credit of North America, LLC's supplemental brief (Dkt. 39), Defendant argues that the trustee is barred from this action for failure to timely intervene under Federal Rule of Civil Procedure 17(a) and that the case should be dismissed. In Plaintiff Kendra Atwell's supplemental brief (Dkt. 40), Plaintiff contends that the Court should not dismiss the case and should show cause the bankruptcy trustee. For the reasons that follow, the Court concludes that it is appropriate at this time to order the trustee to show cause why he has failed to intervene as a plaintiff in this matter and

1

whether he should prosecute the case on behalf of the bankruptcy estate.

Plaintiff filed her complaint on June 14, 2012 (Dkt. 1). On May 3, 2013, Plaintiff's counsel Travis L. Shackelford emailed the bankruptcy trustee, Thomas McDonald, stating:

> My office recently became aware that Ms. Atwell is currently making payments under a chapter 13 plan, for which you are acting as trustee. . . . I do not what [sic] to move forward with the FDCPA case in Ms. Atwell's name if you are the real party at interest. Any insight you can provide, or a suggested course of action, in this regard would be greatly appreciated.

05/03/2013 Email (Dkt. 32-2). Defendant's motion for summary judgment was filed on July 16, 2013 (Dkt. 27). On July 25, 2013, the trustee responded to Plaintiff's counsel, "I would be happy to be included as a party-in-interest in the Atwell lawsuit." 07/25/2013 Email (Dkt. 40-4). As of November 25, 2013, the Chapter 13 trustee was awaiting the United States Trustee's approval of a petition to employ special counsel and approve fee agreement. Petition (Dkt. 40-5); 11/25/2013 Email (Dkt. 40-6).

The parties agree that the Chapter 13 bankruptcy trustee, Thomas McDonald, is the proper party in interest to prosecute this case. Def. Supp. Br. at 3 ("At all relevant times, Plaintiff and her counsel knew or should have known that the bankruptcy trustee was the real party in interest."); Pl. Supp. Br. at 2 (noting that the Chapter 13 trustee is the real party in interest). However, the parties dispute whether the Court should show cause the trustee as to why he has failed to intervene in this matter or whether the case should simply be dismissed.

Defendant argues that Federal Rule of Civil Procedure 17(a)(3) should not be applied to this case and that the case should be dismissed for failure to prosecute. Def. Supp. Br. at 2-3. Defendant further asserts that Plaintiff did not disclose the instant suit

2

to the bankruptcy trustee until almost a year after the suit was filed, and that such untimely disclosure is insufficient to avoid dismissal pursuant to judicial estoppel. Id. at 4. Defendant contends that despite being put on notice of this action on May 3, 2013, the bankruptcy trustee took no affirmative steps to intervene in this action. Id. at 5-6. Defendant argues that, while the trustee may not be barred by judicial estoppel from intervening in this matter, the trustee is barred regardless for failure to timely intervene under Rule 17(a)(3). Id. at 7-8.

Plaintiff requests that the Court refrain from dismissing the case, and instead order the Chapter 13 bankruptcy trustee to show cause as to whether the lawsuit should be prosecuted on behalf of the bankruptcy estate. Pl. Supp. Br. at 1. Plaintiff argues that the relevant inquiry is whether the Chapter 13 trustee, who Plaintiff asserts is the real party in interest, failed to intervene within a reasonable time. Id. at 2. Plaintiff states that the trustee is currently awaiting the approval of the United States Trustee to file a petition appointing counsel for the trustee. Id. Plaintiff further argues that Defendant has suffered no prejudice as a result of delay in the trustee's joining the case, because Defendant would have had to incur time and resources defending the case regardless. Id. at 2-3.

In light of these arguments, the Court turns to applicable law. Under Federal Rule of Civil Procedure 17(a)(1), "an action must be prosecuted in the name of the real party in interest." Furthermore, "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). However, Rule 17(a)(3) is inapplicable "when the determination of

the right party to bring the action was not difficult and when no excusable mistake has been made." 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 1555 (3d ed.).

Defendant relies on two cases: Van Sickle v. Fifth Third Bancorp, No. 12-11837, 2012 WL 3230430 (E.D. Mich. Aug. 6, 2012) and Rodriguez v. Mustang Mfg. Co., No. 07-13828, 2008 WL 2605471 (E.D. Mich. June 27, 2008). In Van Sickle, the plaintiffs' complaint alleged that they acquired their claims against the defendant prior to filing for bankruptcy. Van Sickle, 2012 WL 3230430, at *2. The court agreed with the defendant that the claims are the property of the Chapter 7 bankruptcy estate, and therefore only the trustee could pursue those claims. Id. The court decided that the claims should be dismissed for violation of Rule 17(a)(1)'s requirement that "an action must be prosecuted in the name of the real party in interest." Id. The court further concluded that it was not required to provide the plaintiffs with additional time to determine if the trustee wishes to be substituted as the real party in interest under Rule 17(a)(3); the court noted that there was no excusable mistake because it was clearly established that the claims belonged to the bankruptcy estate. Id. at *3.

In Rodriguez, 2008 WL 2605471, at *4, the court concluded that allowing the plaintiff to reopen his Chapter 7 bankruptcy case to seek to substitute the trustee as the real party in interest in his civil suit would contravene the "reasonable time" requirement of Rule 17(a)(3), because the plaintiff already had several years in which he could have substituted the trustee.

The Court concludes that the cases relied on by Defendant are distinguishable, and that dismissal under Rule 17(a) is not warranted at this time, for the following

4

reasons: (i) it is not clearly established that the Chapter 13 trustee is, in fact, the appropriate party to prosecute this action and that Plaintiff is not a proper party in interest; (ii) the Chapter 13 trustee has initiated preliminary actions to intervene as a party in interest; and (iii) Defendant did not raise an argument that the case should be dismissed under Rule 17(a) until the supplemental briefing. The Court further concludes that it is appropriate at this time to order the trustee to show cause why he has failed to intervene and whether he seeks to prosecute the case on behalf of the bankruptcy estate.

Although the parties do not dispute that the Chapter 13 trustee is the correct party in interest, the Court notes that there is some precedent to support the conclusion that Plaintiff may be the correct party to bring the instant action on behalf of the bankruptcy estate. As one bankruptcy court noted, "Although a debtor's cause of action becomes estate property upon filing a Chapter 13 bankruptcy petition, it is less clear who has the power to pursue them. The lack of clarity stems from the fact that the Bankruptcy Code vests the Chapter 13 debtor with some but not all of the powers of the trustee." In re Simmerman, 463 B.R. 47, 56 (Bankr. S.D. Ohio Dec. 7, 2011). Furthermore, a Chapter 13 debtor retains possession of estate property except as provided in a confirmed plan. 11 U.S.C. 1306(b). In the instant case, Plaintiff's confirmed Chapter 13 plan provides, "Upon confirmation of the Plan, all property of the estate shall vest in the debtor." Dkt. 27-3 at 5 of 8 (CM/ECF pagination). Therefore, there is some precedent to support the conclusion that Plaintiff is a proper party to bring the instant claims. See In re Simmerman, 463 B.R. at 57 (noting that five Circuit Courts have concluded that Chapter 13 debtors have standing to bring claims in their name on behalf of the bankruptcy estate, and predicting that the Sixth Circuit would come to a similar conclusion). The cases

relied upon by Defendant are distinguishable on this ground, because those cases involved Chapter 7 bankruptcy proceedings that did not implicate the issue of whether a Chapter 13 debtor retains standing to bring claims in her name.

The Court draws no conclusions at this juncture regarding whether Plaintiff or the trustee is or is not a proper party in interest. However, due to the lack of clarity in the case law regarding standing of a Chapter 13 debtor to bring claims, the Court concludes that it would be inappropriate to dismiss the case at this point under Rule 17(a)(1) for failure to prosecute in the name of the real party in interest. Instead, it would be beneficial for the trustee to be heard on the issue of when he intends to intervene in this case and whether he should be substituted as the sole party prosecuting the case on behalf of the bankruptcy estate.

The cases cited by Defendant are distinguishable on another ground as well: in those cases, the plaintiff had not yet initiated proceedings to seek to substitute the bankruptcy trustee as the real party in interest. However, in the instant matter, the Chapter 13 trustee has expressed an interest in intervening in the case and has taken steps to do so. It would therefore promote clarity and fairness to determine the status of the trustee's intervention, rather than dismiss the case at a stage when the process for the trustee's intervention may be nearing completion. Finally, the Court notes that Defendant did not seek dismissal of the instant matter under Rule 17(a) until the filing of the supplemental briefs; Defendant's motion for summary judgment instead relies on a judicial estoppel theory.

For these reasons, the Court concludes that dismissal of the case under Rule 17(a) is not warranted at this juncture and that a show cause order directed at the trustee would

be appropriate.

Accordingly, the Court orders the Chapter 13 bankruptcy trustee, Thomas McDonald, to show cause why he has failed to intervene in this matter and whether he should prosecute this case on behalf of the bankruptcy estate. The trustee's response is due on or before February 5, 2014. The Court will conduct the show cause hearing on February 12, 2014 at 1:30 p.m.

SO ORDERED.


Dated: January 23, 2014
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that a copy of this order was served upon counsel of record on January 23, 2014 via the CM/ECF system, which will send notification to each party.

s/A. Chubb for D. Goltz
Case Manager and Deputy Clerk