UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRA ATWELL,

        Plaintiff,

                                                    Civil Action No. 12-CV-12604

vs.                                                HON. MARK A. GOLDSMITH

PREMIERE CREDIT
OF NORTH AMERICA, LLC,

        Defendant.
_____/

**OPINION AND ORDER (1) DENYING WITHOUT PREJUDICE TRUSTEE THOMAS W. MCDONALD, JR.'S MOTION TO INTERVENE (DKT. 46), (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 23), and (3) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 27)**

I.      INTRODUCTION

This case is brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k. The matter is presently before the Court on the pending cross motions for summary judgment (Dkts. 23, 27) and on the motion to intervene filed by the Chapter 13 trustee, Thomas W. McDonald, Jr. (Dkt. 46). For the reasons that follow, the Court concludes that the motion to intervene is, on its face, ambiguous regarding the relief it seeks; in particular, it is unclear whether, if the motion were granted, Plaintiff Kendra Atwell would continue as a party in this case. Due to this lack of clarity, the Court must deny without prejudice the motion to intervene. In addition, the ambiguity regarding who would prosecute the claims in this case makes it prudent to deny the pending summary judgment motions without prejudice.

1

## II. PROCEDURAL BACKGROUND

On December 22, 2010, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy (Dkt. 46-2). Thomas McDonald was appointed as bankruptcy trustee. On June 14, 2012, Plaintiff filed her complaint in the instant case; her motion for summary judgment was filed on June 27, 2013 (Dkt. 23). Defendant Premiere Credit of North America filed its amended motion for summary judgment on July 16, 2013 (Dkt. 27). In Plaintiff's response to Defendant's summary judgment motion, Plaintiff asserts that the Chapter 13 trustee is the "real party in interest" and that the trustee was "taking action to pursue this matter on behalf of the bankruptcy estate." Pl. Resp. at 4-5 (Dkt. 32).

The Court conducted oral argument on the motions on November 14, 2013, following which the Court ordered the parties to submit supplemental briefing on the issue of "whether the Court should order the Chapter 13 bankruptcy trustee, Thomas McDonald, to show cause as to why he has failed to intervene as a plaintiff in this case." Order (Dkt. 37). Plaintiff and Defendant each filed a supplemental brief (Dkts. 39, 40). After reviewing the briefs, the Court issued an Opinion and Order for the Chapter 13 trustee to show cause as to (1) why he had failed to intervene as a plaintiff in this matter, and (2) whether he should prosecute the case on behalf of the bankruptcy estate (Dkt. 41). The Court conducted a show-cause hearing on February 12, 2014, after which the trustee filed a motion to intervene (Dkt. 46). No response has been filed to the motion to intervene, and the time to do so has expired. See E.D. Mich. L.R. 7.1(e)(2).

## III. ANALYSIS

### A. The Chapter 13 Trustee's Motion to Intervene (Dkt. 46)

The Court has carefully reviewed the motion to intervene, the brief in support and

the proposed amended complaint. Unfortunately, the submissions are inconsistent as to the relief being requested. Specifically, the trustee does not make clear whether he seeks intervention for the purpose of becoming the sole plaintiff, or whether Plaintiff Atwell would continue as a plaintiff in this case. For this reason, the Court must deny the motion without prejudice to the trustee's right to file a new motion making clear his intentions.

Some of the statements in the motion to intervene reflect the trustee's intent that he be the sole plaintiff. Notably, the motion requests that the Court grant the trustee "leave to intervene as <u>the</u> Plaintiff in this matter pursuant to Fed. R. Civ. P. 24." Mot. at 2 (emphasis added). It also contends that the trustee is the real party in interest. <u>Id.</u> at 1. The brief repeats the assertion that the trustee is the real party in interest, Br. at 1, and states that the trustee seeks to intervene "as <u>the</u> Plaintiff." <u>Id.</u> (emphasis added).

However, other submissions contain statements suggesting that Plaintiff Atwell would remain in the case. The "Question Presented" in the brief is framed as whether the trustee should "be granted leave to intervene as <u>a</u> Plaintiff in this matter?" <u>Id.</u> at 3 (emphasis added). And the trustee also attaches a proposed amended complaint (Dkt. 46-4) suggesting two Plaintiffs. In the caption and first sentence of the proposed amended complaint, both Plaintiff Atwell and the trustee are listed as Plaintiffs.

Adding to the confusion, later allegations in the proposed amended complaint refer solely to Atwell as the Plaintiff. <u>See</u>, <u>e.g.</u>, Proposed Am. Compl. at ¶¶ 6-7 ("Defendant is attempting to collect a consumer type debt allegedly owed by the Plaintiff. Sometime in December 2011, Plaintiff filed for Chapter 13 Bankruptcy."); ¶ 17 ("Plaintiff is a 'consumer' . . . "); ¶ 23 ("Plaintiff is a debtor . . ."). Yet the proposed

3

amended complaint ends with a demand for judgment referencing only the trustee. Compl. at 6 (CM/ECF pagination) ("Plaintiff requests that the Court grant <u>him</u> the following relief . . .".) (emphasis added).

Because of these inconsistencies, the Court is unable to discern whether the trustee is seeking to substitute himself for Atwell and become the sole plaintiff, or whether the trustee wishes to intervene as a co-plaintiff. In light of this lack of clarity, the Court is unable to grant the motion. The motion to intervene is, therefore, denied without prejudice.

### B. The Cross-Motions for Summary Judgment (Dkts. 23, 27)

The Court concludes that the lack of clarity as to whether Atwell will remain a party to this case affects the status of the pending cross-motions for summary judgment (Dkts. 23, 27). If Atwell remains in this case, the analysis of the summary judgment motions may be impacted. For example, the estoppel issue may be resolved differently for the two plaintiffs. <u>See</u>, <u>e.g.</u>, <u>Stephenson v. Malloy</u>, 700 F.3d 265, 271-272 (6th Cir. 2012) (concluding that "a debtor's errors or omissions should not be attributed to the trustee for purposes of judicial estoppel."). And if the trustee is substituted as the sole plaintiff prosecuting this case, then the Court could not render a decision on the merits of the summary judgment motions because the trustee has not formally responded to Defendant's motion or formally adopted Plaintiff's motion and her arguments.

Given the ambiguity as to who precisely is prosecuting this case, it seems prudent to clarify that issue first, and then have the parties file dispositive motions. This course of action will promote clarity and efficiency for the Court and the litigants. <u>See</u> <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936) ("[T]he power [is] inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court, therefore, denies without prejudice Plaintiff's motion for summary judgment (Dkt. 23) and Defendant's motion for summary judgment (Dkt. 27).

## IV.  CONCLUSION

For the reasons stated above, the Court denies without prejudice the cross-motions for summary judgment (Dkts. 23, 27) and the motion to intervene (Dkt. 46). The trustee shall file a new motion, specifying whether he seeks to intervene as a co-plaintiff or to substitute himself as the sole plaintiff in this matter. The trustee shall attach a proposed amended complaint that defines precisely the party or parties seeking relief and makes appropriate allegations supporting a claim based on who is asserting the claim. The new motion is due on or before March 28, 2014; any response shall be filed on or before April 11, 2014. After the Court rules on the motion, it will convene a status conference to discuss the timing of renewed dispositive motions and other scheduling matters.

SO ORDERED.

Dated: March 20, 2014　　　　　　　　　　　　s/Mark A. Goldsmith  
　　　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2014.

　　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz  
　　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ  
　　　　　　　　　　　　　　　　　　　　　　　Case Manager